24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael Paul PIERCE, Plaintiff-Appellant,
v.
Richard A. VERNON, Director, Idaho Department of
Corrections, Defendant-Appellee,
and
James Hope, Warden of the Idaho Corrections Institution, Defendant.
 No. 94-35015.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael P. Pierce, an Idaho state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion the district court determination that a complaint is frivolous under section 1915(d), Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Pierce contends that the district court erred by dismissing his complaint without serving it upon the defendants and that he has a right to visit with his nieces because they are members of his immediate family. This contention lacks merit.
 
 
 4
 Under section 1915(d), the district court may dismiss an in forma pauperis complaint if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if it "lacks an arguable basis either in law or in fact." Id. at 325. Nevertheless, pro se plaintiffs should be given an opportunity to amend their in forma pauperis complaints unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 To state a claim under section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional or federal right. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 6
 The Supreme Court has determined that "denial of prison access to a particular visitor is well within the terms of confinement and is not independently protected by the Due Process Clause." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment to judicial oversight." Id. at 460-61.
 
 
 7
 Nevertheless, a protected liberty interest can be created by state law. Id. at 461. Such a liberty interest is created when a state places substantive limitations on official discretion. Id. at 462. If the prison regulations contain " 'explicitly mandatory language' [such as] specific directives to the decisionmaker that if the regulations, substantive predicates are present, a particular outcome must follow," a liberty interest is created. Id. at 463. See also Mendoza v. Blodgett, 960 F.2d 1425, 1432-33 (9th Cir.1992) (holding that Washington state prison regulations contained the substantive predicates necessary to create a liberty interest in visitation).
 
 
 8
 Here, Pierce's complaint alleged prison officials violated his constitutional rights by denying him visitation with his two nieces, ages 8 and 11. The Idaho Department of Corrections "Department" has established a written policy regulating visitation. See Policy and Procedure Manual section 604(1)(b)(3). Although the Department "encourages inmate communication with family, friends, and relatives through visits to the institution," the language of the policy does not create substantive limits on official discretion nor is its language mandatory. See id. at section 604. As such, the language does not create a liberty interest in visitation. See Kentucky Dep't of Corrections, 490 U.S. at 463.
 
 
 9
 Pierce contends he is entitled to visit with his two nieces because they are members of his immediate family. This contention lacks merit. Even if the Idaho prison regulations created a liberty interest in visitation, Pierce is not entitled to visit with his nieces because they fall outside the category of persons allowed to visit inmates. Under the Idaho policy, a minor child must be a member of an inmate's immediate family in order to secure approval to visit the inmate.[1] Immediate family has been defined as " 'mother, father, sister, brother, wife, husband, children.' " Doe v. Sparks, 733 F.Supp. 227, 229 (W.D.Pa.1990) (quoting county prison regulation). This definition is consistent with the definition of "family" contained in Black's Law Dictionary 543 (5th ed. 1979). Nieces are not included in this definition. Thus, under the regulation, Pierce's 8 and 11-year old nieces are precluded from visiting. See Policy and Procedure Manual section 604(1)(b)(3).
 
 
 10
 Because the Idaho prison regulations do not create a liberty interest in visitation, the prison officials did not violate Pierce's rights by prohibiting him from receiving visits from his nieces. Thus, Pierce's complaint fails to present any arguable basis in law or in fact to support a claim under 42 U.S.C. Sec. 1983, see Neitzke, 490 U.S. at 324, nor could a subsequent amendment cure its deficiencies, see Noll, 809 F.2d at 1448. Accordingly, the district court did not abuse its discretion by dismissing Pierce's complaint pursuant to 28 U.S.C. Sec. 1915(d). See Neitzke, 490 U.S. at 324.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and denies the request for a stay. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The policy states "proposed visitors who are below a set age limit may not visit, unless they are members of the immediate family." See Policy and Procedure Manual section 604(1)(b)(3)
 
 
 [2]
 Pierce also contends that the district court erred by failing to consider his allegations that: 1) the defendants make the waiting conditions for friends and families of the inmates uncomfortable because the visitors have to wait outside; 2) there are neither games nor pop machines in the visiting rooms; and 3) the visiting room floor is not carpeted. This contention lacks merit. The magistrate judge originally recommended that Pierce's action be dismissed as frivolous, and Pierce filed objections. The district court considered Pierce's objections to the magistrate judge's report and recommendation and conducted a de novo review of the record. In its order, the district court indicated that it had considered all of Pierce's allegations and determined his claims to be frivolous